Craig A McCrea
106 4th Ave East
Polson mt, 59860

JUL 13 2022

Clerk, U.S. Courts
District of Montana
Missoula Division

## UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA, MISSOULA DIVISION

Craig A McCrea

　　　　　　　Plaintiff,

v.

Lake County Montana
Donald Bell, Sheriff
Ben Woods, Undersheriff
Paul Briney, Mayor
Gale Decker, Commissioner
Steve Stanley, Commissioner
William Barron, Commissioner
Deborah Kim Christopher, Judge
James Manley, Judge
Benjamin Anciaux, Prosecutor
James Lapotka, Prosecutor
Steven Eschenbacher, Prosecutor
Molly Owen, Prosecutor
City Of Polson
Detention Staff
Lou Brenner, Jail Physician's Assistant

　　　　　　　Defendants.

|

Civil Action No.


**CIVIL COMPLAINT**
**UNDER USC 1983**
**JURY TRIAL DEMANDED**

---

　　　　Plaintiff Craig A McCrea , was confined at the Lake County Detention

Center, located at 106 4th Ave. East, In the City of Polson, State of Montana, from

____May____, 3 , 20 22 to Present (July 11th).

　　　　Defendant Lake County Montana is and was at all relevant times herein a

corporation of the State of Montana.

　　　　Defendant Donald Bell, Sheriff for the Lake County Sheriff's Office, and as a

person, is and was at all relevant times herein an employee of the county, with the

1

responsibility for operating and maintaining the Lake County Detention Center.

Defendant Ben Woods, Undersheriff for the Lake County Sheriff's Office, and as a person, is and was at all relevant times herein an employee of the county, with the responsibility for operating and maintaining the Lake County Detention Center.

Defendant Paul Briney, Mayor for the City of Polson, and as a person, is and was at all relevant times herein Mayor of the City of Polson.

Defendant Gale Decker, Commissioner for Lake County, and as a person is and was at all relevant times herein the County Commissioner of adult services for the City of Polson, with the responsibility for operating and maintaining detention, penal and corrective institutions within the City of Polson including the Lake County Detention Center.

Defendant Steve Stanley, Commissioner for Lake County, and as a person is and was at all relevant times herein the County Commissioner of adult services for the City of Polson, with the responsibility for operating and maintaining detention, penal and corrective institutions within the City of Polson including the Lake County Detention Center.

Defendant William Barron, Commissioner for Lake County, and as a person is and was at all relevant times herein the County Commissioner of adult services for the City of Polson, with the responsibility for operating and maintaining detention, penal and corrective institutions within the City of Polson including the Lake County Detention Center.

Deborah Kim Christopher, District Court Judge for Lake County, and as a person, is and was at all relevant times herein and employee of the county.

James Manley, District Court Judge for Lake County, and as a person, is and was at all relevant times herein and employee of the county.

Benjamin Anciaux, County Attorney for Lake County, and as a person is and was at all relevant times herein an employee of the county.

James Lapotka, County Attorney for Lake County, and as a person is and was at

2

all relevant times herein an employee of the county.

Steven Eschenbacher, County Attorney for Lake County, and as a person is and was at all relevant times herein an employee of the county.

Molly Owen, County Attorney for Lake County, and as a person is and was at all relevant times herein an employee of the county.

City of Polson is and was at all relevant times herein a municipal corporation of the State of Montana.

Defendant Detention Staff, Detention Staff for the Lake County Detention Center is and was at all relevant times employee's of the county, responsible for operating the Lake County Detention Center.

Defendant Lou Brenner, Physician's Assistant for the Lake County Detention Center, and as a person, is and was at all relevant times an employee of the County, responsible for medical examinations/operations/medication, within the Lake County Detention Center.

This action arises under, and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation under color of state law, of rights guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution. This court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343.

The Plaintiff's claims for injunctive relief are authorized by Rule 65 of the Federal Rules of Civil Procedure. This cause of action arose in the District of Montana, Missoula Division, therefore, venue is proper under 28 U.S.C. Section 1391(b).

The Plaintiff has no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

The Plaintiff has exhausted all available administrative remedies within the Lake County Detention Center. Grievances have been filed on multiple occasions, which go completely unanswered or receive a FWD to Commander response and nothing further happens. Attatched Exhibit(s) _A_____ is/are copies of the exhausted grievances.

At all relevant times herein Defendants were "persons" for the purpose of 42

U.S.C. Section 1983 and acted under color of law to deprive the Plaintiff of his
Constitutional Rights as explained further below:

A civil complaint was filed against Lake County in 1995 by Harry Lozeau, Douglas
Matt, Angela Hawkins, Reynaldo Thompson, and Wayne Brown for the conditions of
confinement within the Lake County Detention Center. An Order and Judgement was
issued on October 11, 1996, upon joint request of the parties for the approval and entry
of a Consent Decree in the following form, having reviewed the parties' agreement and
finding that it represents a fair and reasonable resolution of the issues pending among
them, hereby approves the following Consent Decree, Order and Judgement, and
directs the entry thereof as follows:

This Consent Decree shall be ongoing in nature, and continue in full force and
effect to legally bind the parties from the date it is approved by the court, regardless of
whether any of the named Plaintiffs resides in the detention center at any given time.
All future and current inmates of the detention center are intended beneficiaries of this
Consent Decree, with full rights to petition to enforce its terms. In entering into this
Decree, Defendands acknowledge that they have carefully considered:

(a) The cost of implementing this Decree, and;

(b) The anticipated needs of Lake County in the future for jail space.

In 1997, Lake County was held in Contempt for failing to abide by the conditions
set forth in the Consent Decree. In 1999 Lake County had two more Contempt actions
brought for still failing to adhere to the conditions set forth in the Consent Decree. In
2000, Lake County sought to have the Consent Decree dismissed through Private
Settlement Agreement with the Plaintiffs, and a settlement to dismiss the Consent
Decree was reached through a P.S.A. and upon further improvements of the living
conditions within the Lake County Detention Center, however, the "further
improvements" agreed to were never implemented, even though the Consent Decree
was dismissed, and the current living conditions within the Detention Center are
beyond inadequate. The conditions of living in the Lake County Detention Center are

4

hazardous and dangerous for inmates to be housed in.

Since 1996, a minimum of $12,722,000 has been allocated to the Lake County Detention Center's budget to make improvements to the Jail but that money clearly has not been spent on the jail as none of the conditions set forth in the Consent Decree from 1996 have been complied with as of _July 11_, _11_, 20_22_, over 25 years later.

Plaintiff has been subjected to live in deplorable conditions of confinement within the Lake County Detention Center that include but are not limited to the following:

(1) Black mold exposure.

(2) Insect infestation.

(3) Overcrowding.

(4) Lack of recreation/ inadequate recreation space.

(5) Inadequate law library/ access to the courts.

(6) Inadequate fire safety measures/ equipment.

(7) Inadequate medical care/ lack of medical staff.

(8) Inadequate ventillation, heating, cooling, and plumming.

(9) Inadequate attorney/ client visiting rooms.

(10) Unsafe food due to mold exposure/ not enough food.

(11) Facility does not comply with ADA Standards.

(12) Dangerous/ no classification policy.

(13) Inadequate grievance procedures/ policy.

(14) Inadequate housing/ filthy and unsanitary living conditions.

(15) Inadequate representation by Public Defenders.

(16) Inadequate religious services.

Plaintiff explains in further details about these issues in supporting affidavit.

## PRAYER FOR RELIEF

Plaintiff requests an order declaring that the above named Defendants have

acted in violation of the the United States Constitution.

Plaintiff requests an injunction compelling the Defendants to provide adequate conditions of Inmate housing that is up to State/ Federal codes which include the following:

(1) Adequate inmate housing, classification, fire safety, recreation, and facilities that are sanitary and free of black mold and insect infestation, and complies with the Americans With Disabilities Act.

(2) Adequate medical care, proper medical staff, and proper medication management.

(3) Adequate legal law library, adequate time to use legal law library, and adequate attorney/ client visiting rooms that are priveliged, and not audio/ video recorded, and adequate representation from Public Defenders/ Contract Defenders in Lake County.

(4) Adequate religious services provided to inmates.

(5) Adequate meals/ meal preparation free from mold exposure, and larger portions.

(5) Audit of the Lake County Detention Center's budgetary expenditures.

(6) Adequate staff to maintain record keeping of safety, sanitation, plumbing, heating/ cooling, ventillation.

(7) Independent oversight commissioner to ensure the Defendants comply with the Court's Judgement.

(8) Plaintiff requests $1,500.00 for every day housed in the Lake County Detention Center as compensatory damages.

(9) Plaintiff requests $1,500,000.00 for punitive damages for the physical and mental harm Lake County is fully aware of committing against the Plaintiff.

(10) Criminal charges to be brought against the Defendants for mistreating prisoners.

(11) Any other conditions the Court considers just.

Dated this 11ᵗʰ day of July 2022

6

＊ Craig A McEn